IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMTERIOUS GORDON,

                Plaintiff,

v.

DENTIST MR. BROWN, CO CROSS,
CO FONDORF, CO CEBERS, MS. BARKER and
JANE OR JOHN DOES,

                Defendants.

ORDER

18-cv-176-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Samterious Gordon is proceeding on claims that defendants Mr. Brown, CO Cross, CO Fondorf, CO Cebers, Ms. Barker and John or Jane Does violated his rights under the Eighth Amendment and state law by failing to provide him adequate dental care. At the preliminary pretrial conference, plaintiff was given a deadline of November 21, 2018 to file an amended complaint identifying the Doe defendants. Dkt. #23. Now before the court are several motions filed by plaintiff relating to the John and Jane Doe defendants against whom he was permitted to proceed.

On November 19, 2018, plaintiff filed a motion for extension of time to name the Doe defendants and a motion to compel defendants to provide the names of all nurses who were working on the January 19 and February 14, 2018, when plaintiff filed his health service requests asking for urgent dental care. Dkt. #25. Defendants opposed the motion, stating that plaintiff never served discovery requests asking defendants to identify the nurses

1

working on those dates. Subsequently, plaintiff filed two motions to amend his complaint to identify the names of the Doe defendants. Dkt. ##29, 32. He identifies the Doe defendants as Gibson, a dentist assistant, Dr. Mann Lee, the dental director, and Lynn Dobbert, Koreen Frisk, Bridget Rink, Nicole Krahenbuhl and Jamie Gohde, all of whom are registered nurses. Plaintiff's allegations are sufficient to state Eighth Amendment and state law negligence claims against these defendants for the reasons explained in previous orders. In particular, plaintiff alleges that these defendants were responsible for reviewing the health service requests he filed between January 19 and February 14, 2018, in which he stated that he needed urgent dental care. He alleges that instead of responding and scheduling an appointment for him, these defendants failed to even assess his dental needs. Therefore, his motions to amend, dkt. #20 and #32, will be granted. His motion for an extension of time and to compel discovery, dkt. #25, is no longer necessary and will be denied as moot.

Plaintiff also filed a motion for discovery from defendants. Dkt. #28. As defendants point out, this motion was filed improperly with the court and should have been directed to defendants' counsel. As explained in the preliminary pretrial conference order, plaintiff should direct discovery requests to defendants' counsel and should file discovery-related motions with the court only if he and counsel have attempted unsuccessfully to resolve a discovery dispute on their own. Because it appears that plaintiff did not request this specific discovery from defendants before filing his motion, I will deny the motion.

Finally, plaintiff has renewed his motion for court assistance in recruiting counsel. Dkt. #31. Plaintiff contends that he needs counsel to help him amend his complaint to

identify the John and Jane Doe defendants and to find a medical expert. Although plaintiff has shown that he has made reasonable efforts to find counsel on his own, I am not persuaded that the court should recruit counsel for plaintiff at this time.

In determining whether to recruit counsel for a pro se litigant, the relevant question is whether the complexity of the case exceeds the plaintiff's ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Plaintiff's statement that he needs assistance in identifying the Doe defendants appears to be moot in light of plaintiff's motions to amend his complaint to add defendants Gibson, Lee, Dobbert, Frisk, Rink, Krahenbuhl and Gohde. To the extent plaintiff believes there are additional Doe defendants that he has been unable to identify, he should file a new motion stating specifically which Doe defendants he has been unable to identify and all of the efforts he has made to identify them on his own.

As for plaintiff's concern that this case will require testimony from a medical expert, it is too early to make that determination. Plaintiff alleges that defendants failed to provide him any treatment at all for more than a month. Depending on plaintiff's circumstances and defendants' knowledge, a factfinder may be able to determine whether defendants were negligent or deliberately indifferent to plaintiff's pain without expert opinion. Until the parties have presented their version of events to the court, I cannot determine whether expert testimony is necessary. Accordingly, I am denying plaintiff's motion without prejudice. If the issues involved in this case turn out to be more complicated than they appear to be right now, or if plaintiff is unable to proceed on his own as this case progresses, then plaintiff is free to renew his motion.

ORDER

IT IS ORDERED that

1. Plaintiff Samterious Gordon's motion for an extension of time and to compel discovery, dkt. #25, is DENIED as moot.

2. Plaintiff's motion to amend his complaint to replace the John and Jane Doe defendants with defendants Gibson, Dr. Mann Lee, Lynn Dobbert, Koreen Frisk, Bridget Rink, Nicole Krahenbuhl and Jamie Gohde, dkt. ##29, 32, are GRANTED.

3. Plaintiff's motion for discovery, dkt. #28, is DENIED.

4. Plaintiff's motion for assistance in recruiting counsel, dkt. #31, is DENIED.

5. Plaintiff's motion for a ruling, dkt. #33, is DENIED as moot.

Entered this 15th day of February, 2019.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge