IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMTERIOUS GORDON,

                Plaintiff,

     v.

DR. MICHAEL BROWN, DREW CROSS,
JOSEPH FRAUNDORF, NICHOLAS SIEBER,
JAMIE BARKER, MORGHAN GILSON NOTH,
DR. MANN LEE, LYNN DOBBERT, KOREEN
FRISK, BRIDGET RINK, NICOLE KRAHENBUHL
AND JAMIE GOHDE,

                Defendants.

OPINION AND ORDER

18-cv-176-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Pro se plaintiff Samterious Gordon is proceeding on claims that staff at New Lisbon Correctional Institution violated his rights under the Eighth Amendment and state law by failing to provide him adequate dental care. In particular, he contends that security staff (defendants Joseph Fraundorf, Nicholas Sieber and Drew Cross) refused to contact dental or health services despite knowing he was in pain; health services nursing staff (defendants Koreen Frisk, Bridget Rink, Nicole Krahenbuhl, Jamie Gohde, Jamie Barker and Lynn Dobbert) failed to properly triage two dental service requests that he filed; and dental services staff (defendants Dr. Michael Brown, Dr. Mann Lee and Morghan Gilson Noth) failed to provide timely dental services.[1] Before the court is defendants' motion for summary

---

[1] I have amended the caption to reflect the correct spellings of defendants' names.

1

judgment. Dkt. #41.

In response to defendants' motion, plaintiff has agreed that his claims against Frisk, Rink and Kahenbuhl should be dismissed, dkt. #54 at 1, so I will not discuss those defendants further. As for the other defendants, plaintiff has failed to present evidence that Brown, Gohde, Barker, Lee, Noth and Sieber violated his rights under the Eighth Amendment or state law. Therefore, I will grant summary judgment in favor of those defendants. However, there is a genuine dispute of material fact as to whether defendants Dobbert, Fraundorf and Cross acted with deliberate indifference or negligence to his serious dental needs. Therefore, I will deny the motion for summary judgment as to Dobbert, Fraundorf and Cross.

From the parties' proposed findings of fact, I find the following facts to be material and undisputed unless otherwise noted.

UNDISPUTED FACTS

Plaintiff Samterious Gordon was an inmate at New Lisbon Correctional Institution at all times relevant to this lawsuit. Defendant Dr. Mann Lee is the dental director for the Department of Corrections Bureau of Health Services. He makes all staffing and hiring decisions for dentists, dental assistants and dental hygienists, though the number of staff he is able to hire is determined by the Division of Adult Institutions Bureau of Health Services budget. As the dental director, Lee does not triage or assess individual care unless it is brought to his attention after the fact through an inmate complaint.

The remaining defendants worked at New Lisbon Correctional Institution during the relevant time period. Dr. Michael Brown is a dentist; Morghan Gilson Noth is a dental assistant; Lynn Dobbert and Jamie Gohde were nurse clinicians; Drew Cross was a correctional sergeant; Joseph Fraundorf and Nicholas Sieber were correctional officers; and Jamie Barker was the interim health services unit manager from February 2018 to May 2018. Barker was not involved with staffing of dentists or dental hygienists.

On November 7, 2016, a dentist at Dodge Correctional Institution advised plaintiff that he needed a filling or extraction of an upper right tooth and that he should submit a dental service request for the work. Plaintiff did not submit any dental service requests for the tooth until January 19, 2018, after he had been transferred to New Lisbon.

A few days before January 19, 2019, plaintiff's tooth starting hurting, his mouth was bleeding, he had headaches and he could not eat or sleep. On January 19, plaintiff submitted a dental service request stating that he had been "having trouble" with his back tooth since "biting a penny" at the county jail, that he was in pain and that he needed someone to look at it as soon as possible. Dkt. #57-1.

On January 20, 2018, defendant Nurse Dobbert was the only health services staff member working. She retrieved plaintiff's dental service request, date-stamped it and triaged it. When nursing staff triages dental service requests, they review the requests for urgent or emergent dental problems. If the request is not urgent or emergent, nursing staff forwards the request to the dentist. Dobbert reviewed plaintiff's request, decided it was not urgent or emergent and forwarded it to the dentist. She did not contact plaintiff or offer him any

3

pain medication.

After a dental service request is forwarded, the dentist determines if and when a patient needs to be seen by dental services. In January 2019, a dentist was at New Lisbon between one and three days a week. Under Division of Adult Institutions policy 500.40.02, only dentists and registered nurses may determine if and when an inmate requires dental services. If the dentist is out, a nurse must triage requests for service. Dental assistants and hygienists are not permitted to triage dental service requests. Dkt. #42-2. They also are not permitted to prescribe medication.

Defendant Brown received and triaged plaintiff's dental service request on January 22, 2018. Brown determined that the request did not state an urgent need because plaintiff was referring to a county jail incident that occurred before 2016 when Dodge Correctional Institution provided a comprehensive intake dental exam and took x-rays. In addition, there were no notes in his dental record indicating that plaintiff had reported pain in his back tooth or requested treatment in 2016 or 2017. On January 22, Brown notified plaintiff that he would be placed on the routine waiting list, with an approximate wait time of 12 months.

Plaintiff saw a primary physician on February 2, 2018 for other medical problems, and he did not complain of tooth pain. If he had complained of tooth pain, he would have been referred directly to dental services and likely would have been seen the same day.

On February 13, 2018, part of plaintiff's tooth broke. (Plaintiff says he showed his broken tooth to correctional officers Sieber, Cross and Fraundorf, told them he was in pain and asked them to contact health services for him, but they refused to do so. Plaintiff says

4

defendants responded by stating that they were not dentists and that there was no tooth fairy at the prison. Defendants deny that plaintiff showed them his broken tooth or asked for help. They also point to records showing that Sieber was not working on that day.)

On February 13, 2018, plaintiff submitted a dental service request and a health service request. His health service request stated, "Need dental work on my tooth as soon as possible because it just fell out, and I'm in a lot of pain and need medication for my pain right now, so please send me to see the dentist." Dkt. #57-2. His dental service request stated that his tooth had fallen out, that he was in serious pain and that he needed to see a dentist as soon as possible to get the rest of his tooth pulled. Dkt. #57-3. Defendant Dobbert received the dental service and health service requests on February 14, 2018, and she routed them to the dentist for triage. Dobbert was not aware that the dentist would not be at New Lisbon again until February 19, 2018. Dr. Brown was scheduled at other institutions and Noth, the dental assistant, was on vacation.

Plaintiff was in severe pain from February 14 to February 19. On February 18, plaintiff submitted an interview and information request, complaining that he had not yet been seen by a dentist. Brown returned to New Lisbon on February 19, 2018, and reviewed plaintiff's dental service requests. Brown classified the request as urgent and scheduled plaintiff for an appointment the same day. After Brown and plaintiff discussed options, plaintiff chose to have his tooth extracted. That same day, defendant Gohde responded to plaintiff's information request, stating that dental services had responded to his request and that he would be seen by dental. She also stated that if plaintiff wanted to be seen by a

5

nurse, he should submit a health service request.

Plaintiff submitted in inmate complaint on February 21, 2018. After the inmate complaint examiner contacted defendant Barker, Barker reviewed plaintiff's medical records and noted that nursing staff should have assessed plaintiff for pain after reviewing his dental service requests on January 20 and February 14, even though the requests were forwarded to dental services. Plaintiff's complaint was affirmed, with the conclusion that Barker would direct nursing staff to assess patients for pain when a dentist is not on site.

OPINION

Plaintiff was granted leave to proceed on claims that defendants failed to respond to his dental needs, in violation of his rights under the Eighth Amendment and state law.

A. Legal Standards

The Eighth Amendment's prohibition on cruel and unusual punishment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain,'" including "grossly inadequate medical care." Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). To prevail on a claim based on deficient medical care, the plaintiff must demonstrate two elements: (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011). The first element, an objectively serious medical condition, is satisfied if a physician has diagnosed the condition

as requiring treatment, or the need for treatment would be obvious to a layperson. Pyles, 771 F.3d at 409. Defendants have not disputed that plaintiff's dental needs and accompanying pain were serious medical conditions that required treatment.

The second element of plaintiff's claim, "deliberate indifference," is a subjective standard. Arnett, 658 F.3d at 751. "Deliberate indifference" means that the officials were aware that the prisoner faced a substantial risk of serious harm but disregarded the risk by consciously failing to take reasonable measures to address it. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Defendants deny that they were deliberately indifferent to plaintiff's serious medical needs.

To prevail on a claim for negligence in Wisconsin, plaintiff must prove that defendants breached their duty of care and that he suffered injury as a result. Paul v. Skemp, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865. Wisconsin law more specifically defines medical negligence as the failure of a medical professional to "exercise that degree of care and skill which is exercised by the average practitioner in the class to which he belongs, acting in the same or similar circumstances." Sawyer v. Midelfort, 227 Wis. 2d 124, 149, 595 N.W.2d 423, 435 (1999); Shuster v. Altenberg, 144 Wis. 2d 223, 229, 424 N.W.2d 159, 161-62 (1988).

### A. Nurse Dobbert

Defendant Dobbert reviewed a dental service request from plaintiff on January 20, 2018 and dental and health services requests on February 14, 2018. Plaintiff contends that

defendant Dobbert acted with deliberate indifference and negligence to his serious medical needs by forwarding his health and dental service requests to the dentist without contacting him or attempting to assess his pain. Dobbert contends that she exercised her medical judgment in concluding that plaintiff's requests did not suggest that he needed urgent or emergent care.

I agree with Dobbert that plaintiff has not shown that Dobbert acted with deliberate indifference or negligence in responding to his January 20 dental service request. In that request, plaintiff wrote that he had been "having trouble" with his back tooth since "biting a penny" at the county jail. Although plaintiff also wrote that he was in pain and that he needed someone to look at his tooth as soon as possible, his request suggested that he was complaining about a long-term problem, not something that was urgent or emergent. Dobbert's decision to forward the request to the dentist was reasonable. Moreover, the dentist agreed with Dobbert's assessment and agreed that plaintiff did not need to be seen immediately.

Dobbert's response to plaintiff's February 13 dental and health service requests is a closer question. In those requests, plaintiff reported that part of his tooth had fallen out, that he was in serious pain, that he needed pain medication and that he needed to see a dentist as soon as possible. Dobbert forwarded plaintiff's requests to the dentist, who was out for the next five days. When Dr. Brown returned and saw the request, he concluded that plaintiff's condition was urgent and that plaintiff needed to be seen immediately.

Dobbert contends that her response to plaintiff's February 13 requests did not

8

constitute deliberate indifference or negligence because she did not think plaintiff's situation was an emergency, she did not know the dentist was out and she could not have prescribed pain medication anyway. However, plaintiff has submitted evidence that undermines Dobbert's arguments. Although Dobbert says she did not know the dentist was out, Division of Adult Institutions policies state that if a dentist is out, a nurse must assess inmate requests for dental services. Dobbert does not explain why, if she was responsible for assessing inmate requests in the dentist's absence, she did not check the dentist's schedule to determine when he would be back at the institution. The same policy defines "urgent" dental needs as including any condition that could result in undue pain and suffering, and states that urgent needs should be addressed the same day if possible and within 72 hours at the latest. Dkt. #57-17 at 3. Although Dobbert says that she did not think plaintiff's request qualified as an "emergency" as defined in prison policies, she does not explain why his request was not "urgent," or why she failed to at least assess plaintiff's condition. Dobbert also says that she is not permitted to prescribe medication, but she does not explain why she could not provide plaintiff over-the-counter pain medication or refer him to a medical provider who could have prescribed pain medication for him. Dobbey v. Mitchell-Lawshea, 806 F.3d 938, 940 (7th Cir. 2015) (medical provider "demonstrates deliberate indifference by failing to treat the patient promptly, thus prolonging the patient's pain, while knowing that the patient may well be in serious pain that is treatable"). For all of these reasons, I conclude that plaintiff has submitted evidence sufficient to create a genuine factual dispute as to whether Dobbert was deliberately indifferent or negligent to

9

his serious dental needs. Therefore, I will deny the motion for summary judgment as to Dobbert.

## B. Dr. Brown

In contrast to defendant Dobbert, plaintiff has not shown that Dr. Brown acted with deliberate indifference or negligence to his serious dental needs. Plaintiff contends that Brown should have seen him immediately after reviewing his January 19 request for dental services. However, the undisputed evidence shows that Brown placed plaintiff on the list for routine dental care because plaintiff's dental service request and dental file did not suggest that plaintiff needed urgent or emergent treatment. Plaintiff's dental file showed that plaintiff had a 2016 dental exam and x-rays showing that he had a problem tooth that needed a filling or extraction, but his records did not show that plaintiff had reported pain in 2016 or that he had sought dental treatment during 2016 or 2017. In addition, plaintiff was complaining about what appeared to be a long-term problem, not something new or urgent. Therefore, Brown concluded reasonably that plaintiff could wait for treatment. In addition, plaintiff has not alleged that he suffered in severe pain between January 20, 2018 and February 13, 2018, when he filed his second request for dental services. Instead, the evidence shows that plaintiff saw a doctor on February 2 and did not mention a broken tooth, tooth pain or needing pain medication. Finally, Brown was not deliberately indifferent or negligent when he reviewed plaintiff's second dental services request on February 20. He reviewed the dental service request, saw plaintiff the same day and

extracted plaintiff's tooth.  Under these factual circumstances, no reasonable jury could conclude that Brown acted below the standard of care for a prison dentist or that Brown knew that plaintiff faced a substantial risk of harm by disregarded it.  Therefore, I will grant the motion for summary judgment as to defendant Brown.

### C.  Cross, Fraundorf and Sieber

Plaintiff contends that correctional officers Sieber, Cross and Fraundorf violated his Eighth Amendment and state law rights by failing to contact health or dental services after he showed them his broken tooth and told them he was in pain.  Defendants deny that plaintiff ever showed them his tooth or requested help.  However, accepting as true plaintiff's version of events, I conclude that Sieber is entitled to summary judgment, but Cross and Fraundorf are not.

Defendant Sieber has submitted his time sheet showing that he was not working on February 13, when plaintiff says he showed Sieber and the other correctional officers his broken tooth.  Plaintiff has submitted no evidence sufficient to undermine Sieber's time sheet.

As for Cross and Fraundorf, a jury could conclude that their alleged responses to plaintiff's complaints of pain and request for help constituted deliberate indifference or negligence.  Although Cross and Fraundorf are not medical providers and cannot be faulted for failing to treat plaintiff's dental condition, they could have contacted health services about plaintiff's situation.  If a correctional officer knows that a prisoner is in pain and needs

11

treatment, the guard has a responsibility to help the prisoner. Dobbey, 806 F.3d at 940 ("[A] guard who is aware of complaints of pain and does nothing to help a suffering prisoner obtain treatment is likewise exhibiting deliberate indifference. He knows the prisoner may be suffering and knows whom to call to attend to the matter."). If Cross and Fraundorf had contacted health services on plaintiff's behalf, he might have been assessed and provided some pain medication until the dentist could see him. Therefore, I will grant the motion for summary judgment as to Sieber, but will deny it as to Cross and Fraundorf.

### D. Barker, Noth, Gohde and Lee

Plaintiff also sued defendants Barker, Noth, Gohde and Lee, but he has submitted no evidence suggesting that these defendants were personally involved in treating him, could have intervened to help him obtain treatment or that there were otherwise deliberately indifferent or negligent. Barker's only involvement was responding to plaintiff's inmate complaint, in which she stated that nursing staff should have assessed plaintiff's pain. Gohde's only involvement was responding to an information request, on the same day that plaintiff received treatment from Dr. Brown. Noth had no apparent involvement in plaintiff's treatment or in reviewing his dental service requests. Finally, Lee is the dental director who has supervisory responsibilities over Department of Corrections' dental staff, but does not see inmate patients, never saw plaintiff and was not aware of plaintiff's dental condition. Therefore, I will grant summary judgment to Barker, Noth, Gohde and Lee.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Joseph Fraundorf, Nicholas Sieber, Drew Cross, Koreen Frisk, Bridget Rink, Nicole Kahenbuhl, Jamie Gohde, Jamie Barker, Lynn Dobbert, Dr. Michael Brown, Dr. Mann Lee and Morghan Gilson Noth, dkt. #41, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to plaintiff Samterious Gordon's claims against defendants Frisk, Rink, Kahenbuhl, Brown, Gohde, Barker, Lee, Noth and Sieber. The motion is DENIED as to plaintiff's claims against Dobbert, Fraundorf and Cross.

Entered this 18th day of November, 2019.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge