IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SAMTERIOUS GORDON,

                      Plaintiff,                                  ORDER

v.

                                                              18-cv-176-wmc

LYNN DOBBERT, DREW CROSS and
JOSEPH FRAUNDORF,

                      Defendants.

---

This case is proceeding to trial on January 6, 2020. On January 3, the court held a final pretrial conference. The court discussed, and the parties' approved, the voir dire questions and introductory jury instructions. The court reserved as to whether it will include mitigation or contributory negligence jury instructions and questions on the verdict form. The court also made several preliminary rulings on the parties' trial exhibits, and made the following rulings on the parties' motions in limine:

- Plaintiff Samterious Gordon's motion in limine to preclude defendants from introducing evidence regarding his canteen purchases (dkt. #92) is GRANTED unless plaintiff opens the door by testifying to his being in substantial pain and without pain medication before February 13, 2018, when his tooth broke. Defendants' counsel should confirm with the court outside the presence of the jury that plaintiff has actually opened the door before attempting to proffer any such evidence.

- Defendants' motion in limine #1 regarding discretionary immunity for defendants Drew Cross and Joseph Fraundorf is GRANTED IN PART and DENIED IN PART. To suceed on a state law claim against Cross and Fraundorf, plaintiff must show that an exception to discretionary immunity applies. In particular, he must show that Cross's and Fraundorf's conduct was malicious, willful and intentional.

1

- Defendants' motion in limine #2 to preclude plaintiff from introducing his January 19, 2018, dental and health service requests is GRANTED IN PART and DENIED IN PART. Plaintiff may introduce the evidence for the limited purpose of providing context for his tooth breaking on February 13, 2018. In particular, he may state that his tooth had been bothering him, that he had requested dental care and that he had been placed on the waiting list to see a dentist when his tooth broke. However, he may not rely on the dental and health service requests to argue that defendants should have responded to his dental needs before February 13, that he was in extreme pain without recourse between January 19 and February 13, that defendants failed to treat his pain before February 13, or that defendants are responsible for his tooth breaking.

- Defendants' motion in limine #3 to exclude evidence about the inmate complaint examiner's decision is GRANTED.

- Defendants' motion in limine #4 to exclude evidence of other legal proceedings involving defendants is GRANTED.

- Defendants' motion in limine #5 to exclude evidence of other lawsuits involving the Department of Corrections is GRANTED.

- Defendants' motion in limine #6 to exclude references to who pays for any judgments is GRANTED.

- Defendants' motion in limine #7 to exclude the hearsay statements of other inmates is GRANTED IN PART and DENIED IN PART. Plaintiff and his witnesses may testify regarding statements that they heard the *defendants* make, but plaintiff and his witnesses may not testify about what others told them, at least for the truth of the matter asserted.

The parties should be prepared to discuss at 8:30 a.m. on Monday, January 6, any remaining questions regarding exhibits on which the court reserved at the final pretrial conference.

ORDER

IT IS ORDERED that:

1. Plaintiff Samterious Gordon's motion in limine (dkt. #92) is GRANTED as set forth above.

2. Defendants' motions in limine (dkt. #84) are GRANTED IN PART and DENIED IN PART as set forth above.

3. Defendants' counsel is to provide plaintiff with a copy of his deposition no later than 5:00 p.m. on January 3, 2020.

Entered this 3rd day of January, 2020.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge