IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAMTERIOUS GORDON,

          Plaintiff,                                      ORDER

    v.                                                 18-cv-176-wmc
                                                        App. No. 20-1139

DREW CROSS, et al.,

          Defendants.

---

On January 7, 2020, the court entered judgment in this case after a jury returned a verdict in favor of defendants Drew Cross, Joseph Fraundorf and Lynn Dobbert. Now plaintiff Samterious Gordon filed a notice of appeal (dkt. #111), and a motion for leave to proceed *in forma pauperis* on appeal (dkt. #112).

Because Gordon is incarcerated, his case is governed by the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), which requires indigent inmates to pay by installment the entire filing fee for civil actions and appeals. Gordon has supplied an inmate trust fund account statement so that a determination may be made as to whether he is indigent and, if so, what amount must be assessed as an initial partial payment of the fee for his appeal. In making that determination, the court must also certify whether an appeal is "not taken in good faith" or that the party is "not otherwise entitled to proceed" as an indigent litigant for purposes of Federal Rule of Appellate Procedure 24(a)(3). *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the court certifies in writing that it is not taken in good faith.").

From the financial information that Gordon provides, the court finds that he lacks sufficient means to pre-pay the $505.00 appellate docketing fee and that he qualifies as indigent. Because it does not appear that Gordon has filed his appeal in bad faith or that pauper status is otherwise precluded by Federal Rule of Appellate Procedure 24(a), the court will grant his motion for leave to proceed *in forma pauperis*.

Although Gordon has been found eligible to proceed *in forma pauperis*, the PLRA requires indigent inmates to pay the full amount of the docketing fee for his notice of appeal ($505) in increments, starting with an initial partial payment, pursuant to the formula found in 28 U.S.C. § 1915(b)(1)-(2). Based on his inmate trust fund account statement, the court finds that Gordon is able to make an initial partial filing fee payment of $3.52, which will be due no later than June 26, 2020. Thereafter, Gordon shall pay the remainder of the $505 appellate docketing fee in monthly installments according to 28 U.S.C. § 1915(b)(2).

Gordon has also filed letters requesting preparation of the trial transcript at government expense. (Dkt. ##116, 129.) Because I have determined that Gordon is eligible to proceed *in forma pauperis* on appeal and that his appeal is not frivolous, I will grant this motion.

Finally, Gordon has filed two motions requesting that he be transferred to a different prison because the officers transporting him to the federal court for trial retaliated against him and used excessive force. (Dkt. ##108, 118.) Gordon's allegations are the subject of a separate lawsuit pending in this court before Judge Barbara Crabb, *Gordon v. Vanderwerf, et al.*, 20-cv-415-bbc, so I will not address them in this closed case. Nor will I

grant Gordon's motion requesting that the court require mediation of his claims. (Dkt. #123.) Gordon's claims have been heard by a jury and are now on appeal. If he wants to mediate with defendants, Gordon should contact defendants directly or file a motion with the court of appeals.

ORDER

IT IS ORDERED that:

1. Plaintiff Samterious Gordon's notice of appeal is not taken in bad faith for purposes of Federal Rule of Appellate Procedure 24(a)(3).

2. Gordon's motion for leave to proceed *in forma pauperis* (dkt. #112) is GRANTED.

3. No later than June 26, 2020, Gordon shall submit a check or money order made payable to the Clerk of Court in the amount of $3.52 as an initial partial payment of the docketing fee for his appeal. Thereafter, Gordon shall pay the remainder of the $505 appellate docketing fee in monthly installments according to 28 U.S.C. § 1915(b)(2). If Gordon does not have the money to make the initial partial appeal payment from his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account.

4. Gordon is advised that if he fails to make the initial partial fee payment as directed, the clerk's office will alert the Seventh Circuit, which may result in the dismissal of his appeal.

5. Gordon's motions requesting preparation of the trial transcript at government expense (dkt. ##116, 129) are GRANTED. The court reporter is directed to prepare transcripts of the January 7, 2020 trial and to furnish copies to Gordon, with fees to be paid by the United States, pursuant to 28 U.S.C. § 753(f).

6. Gordon's motions to be transferred (dkt. ##108, 118) are DENIED.

7. Gordon's motion for mediation (dkt. #123) is DENIED.

Entered this 5th day of June, 2020

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge